**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| REGINA M. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01292-CDP |
| | ) | |
| SSM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Regina M. Hill's motion to proceed in forma pauperis (ECF No. 2), motion for appointment of counsel (ECF No. 3), and for initial review of her complaint (ECF No. 1) under 28 U.S.C. § 1915. Based on the provided financial information, the Court finds that Plaintiff is unable to pay the filing fee and therefore grants her motion to proceed in forma pauperis. However, for the reasons set forth below, the Court orders Plaintiff to amend her complaint using the Court-provided form. The Court denies Plaintiff's motion for appointment of counsel without prejudice.

I.      **Legal Standard on Initial Review**

Because Plaintiff is proceeding in forma pauperis in this matter, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

(1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## II.    The Complaint

Plaintiff—a 48-year-old Puerto Rican woman—brings this action against her former employer, SSM Health, under the Americans with Disabilities Act and Title VII of the Civil Rights Act for alleged discrimination based on her race, national origin, color, and disability. (ECF Nos. 1 at 5; 1-4 at 6). She asserts that SSM failed to accommodate her disabilities, harassed her, retaliated against her, and wrongfully terminated her employment. *Id.* at 4. She also alleges

disparate treatment on the basis of her "light skin," and claims that SSM fostered a toxic work environment. *Id*.

Although the complaint itself is light on specifics, when read in conjunction with the attached exhibits and email correspondence, the Court discerns the following allegations:

Plaintiff began working for SSM as a Care Partner in May 2023. (ECF Nos. 1-2 at 9; 1-3 at 11). She primarily worked during the night shift and appears to have remained in a training role for the duration of her employment. (ECF No. 1-3 at 17).

In June 2023, Plaintiff submitted an Employee Request for Reasonable Accommodation for her fibromyalgia and sciatica. (ECF No. 1-3 at 11). In that request, she explained that she could lift up to 50 pounds but needed assistance with heavier patients, could not draw blood due to her hands locking up, and required opportunities to sit down between rounds. *Id*. at 11–12. She also requested to see no more than 12 patients per shift, the maximum number permitted under state law. *Id*. at 12.

Rather than accommodating her disabilities, Plaintiff alleges that SSM "set [her] up" by assigning her to train under an employee named Yolanda "so an incident could occur" that would lead to her termination. (ECF Nos. 1 at 6; 1-4 at 7). According to Plaintiff, Yolanda was rude, dismissive, unsupportive, and treated her differently after learning about her disability. (ECF No. 1-3 at 14). Plaintiff raised these concerns with SSM and requested reassignment. *Id*. She expressed fear about losing her job because a "season[ed] employee . . . really does not want to train [her]." *Id*.

Plaintiff also raised broader concerns about night shift practices, alleging that nurses refused to assist aides with patient care, failed to respond to calls, and routinely delayed tasks until

the end of the shift. (ECF No. 1-3 at 17–18). She reported feeling unsupported and expressed concern that these practices undermined patient care and disproportionately burdened aides. *Id*.

Following a specific altercation with Yolanda, Plaintiff states that she told her: "I quit I can't work with you and you are too mean and rude to me." (ECF No. 1-4 at 6). During a subsequent meeting with Human Resources, Plaintiff denied throwing a supply cart but admitted to cursing at Yolanda and leaving the room. *Id*. She was placed on administrative leave following the meeting. *Id*. According to Plaintiff, SSM had previously declined to discipline another employee who had engaged in similar conduct. *Id*.

Plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights on July 20, 2023, and another with the Equal Employment Opportunity Commission on September 20, 2023. (ECF No. 1 at 3). The EEOC issued a right-to-sue letter on June 26, 2024. (ECF No. 1-1 at 1). Plaintiff filed this action 90 days later. *Id*.

Despite asserting race- and color-based discrimination, Plaintiff does not identify either beyond stating that she has "light skin." (ECF No. 1 at 4). She also alleges she is from Puerto Rico but does not elaborate on how her national origin is connected to the alleged discrimination. She seeks $750,000 in monetary damages. *Id*. at 7.

## III.    Analysis

### A.    Title VII

Plaintiff alleges that SSM discriminated against her on the basis of her race, color, and national origin in violation of Title VII. She also claims that SSM harassed and retaliated against her.

Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of*

*Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018) (cleaned up). To prevail on a Title VII discrimination claim, a plaintiff must show either direct evidence of discrimination or indirect evidence sufficient to create an inference of discrimination under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016).

At the pleading stage, however, a plaintiff is not required to establish a prima facie case under *McDonnell Douglas*. *Wilson v. Ark. Dep't of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). Still, the complaint must include factual allegations that, accepted as true, permit a reasonable inference that the defendant engaged in unlawful discrimination. *Iqbal*, 556 U.S. at 678. Courts may consider the elements of a prima facie case as a guide in determining plausibility. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016).

### 1.    Discrimination

To state a plausible claim for disparate treatment under Title VII, a plaintiff must typically show: (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of unlawful discrimination. *Blackwell*, 822 F.3d at 435.

Here, Plaintiff does not identify her race or color beyond stating that she has "light skin." While she alleges that SSM failed to discipline another employee for similar conduct, she does not identify that employee's race or color. Without more, her allegation that she was treated differently than "dark-skinned" employees is conclusory and does not support a plausible inference of race- or color-based discrimination. She does not allege any specific comments or conduct suggesting that her race or color played a role in SSM's decision-making.

5

Similarly, although she states that she is from Puerto Rico, she does not connect this fact to any specific action, statement, or employment decision by SSM. The factual allegations in the complaint do not permit an inference that her national origin played any role in her treatment at work or SSM's decision to place her on administrative leave. Accordingly, Plaintiff's allegations—even accepted as true—do not support a plausible Title VII discrimination claim based on race, color, or national origin.

### 2.    Harassment/Hostile Work Environment

A Title VII hostile work environment claim requires a plaintiff to show that: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on her membership in the protected group; (4) the harassment was sufficiently severe or pervasive to affect a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper action. *Hairston v. Wormuth*, 6 F.4th 834, 841 (8th Cir. 2021) (citation omitted).

Here, Plaintiff alleges a generally toxic workplace and interpersonal conflict with a coworker named Yolanda. However, she does not allege that the conduct was motivated by race, color, or national origin, or that the workplace environment was severely or pervasively hostile on those grounds. Her allegations reflect a personality clash or training-related tension, not actionable harassment under Title VII. Without factual allegations linking the alleged mistreatment to a protected characteristic or demonstrating a pattern of discriminatory abuse, her harassment claim is not plausible.

### 3.    Retaliation

Title VII also prohibits an employer from retaliating against employees who act to vindicate their statutorily protected rights by reporting harassment or discrimination in the

workplace. *Warren v. Kemp*, 79 F.4th 967, 972 (8th Cir. 2023), *cert. denied*, 144 S. Ct. 1010 (2024) (citation omitted); 42 U.S.C. § 2000e-3(a). To state a plausible Title VII retaliation claim, a plaintiff must allege: (1) that she engaged in a statutorily protected activity; (2) that she suffered an adverse employment action; and (3) that there is a causal connection between the two. *Id*. at 973 (citing *Blackwell*, 822 F.3d at 436).

Here, even assuming Plaintiff's complaints to SSM about her coworker and working conditions qualify as protected activity under Title VII, she does not plausibly allege that SSM placed her on leave and ultimately terminated her employment because of those complaints. Rather, the complaint and exhibits suggest that these actions followed an altercation with a coworker during which Plaintiff admits she cursed at her coworker and left the room. Plaintiff does not allege that decision-makers referenced her complaints or engaged in any conduct suggesting a retaliatory motive.

Absent factual allegations linking her protected activity to the employer's response, Plaintiff fails to state a plausible Title VII retaliation claim.

**B.      The ADA**

Plaintiff also brings claims under the ADA alleging that SSM discriminated against her based on her fibromyalgia and sciatica, failed to accommodate her disabilities, and retaliated against her after she requested accommodations. While she states that she submitted a written request for accommodation, she does not allege facts indicating that SSM denied the request or took any adverse action against her because of her disability. Plaintiff also fails to provide factual allegations that would plausibly suggest a retaliatory motive. Without additional factual support, her ADA claims are too conclusory to support a plausible claim under the ADA.

## IV.    Instructions for Amending the Complaint

Plaintiff's complaint is subject to dismissal for the reasons discussed above. However, in light of her self-represented status, the Court will allow her the opportunity to file an amended complaint on the Court-provided form.

If Plaintiff chooses to amend, she must clearly state the legal basis for each of her claims and include specific facts that support a plausible inference that her former employer violated the law. This includes identifying the protected characteristic (e.g., race, color, national origin, disability) that she believes motivated each adverse action.

In addition, Plaintiff must attach a copy of her administrative charge of discrimination to the amended complaint. This is necessary to evaluate whether she has exhausted her administrative remedies, which is a prerequisite to pursuing claims under Title VII and the ADA in federal court. *See Slayden v. Ctr. for Behav. Med.*, 53 F.4th 464, 468 (8th Cir. 2022) (explaining that a plaintiff's Title VII claims must be like or reasonably related to those filed with the EEOC).

An amended complaint completely replaces the original complaint. Any claims not re-alleged in the amended complaint will be considered abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Because Plaintiff is proceeding without prepaying fees or costs, the Court will review her amended complaint under 28 U.S.C. § 1915. If Plaintiff fails to timely file an amended complaint on the Court-provided form, the Court will dismiss this action without prejudice and without further notice.

## V.    Motion for Appointment of Counsel

Plaintiff has moved for appointment of counsel. (ECF No. 3). Civil litigants do not have a constitutional or statutory right to appointed counsel. *Watson v. Moss*, 619 F.2d 775, 776 (8th Cir. 1980); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has

no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Having considered these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated up to this point that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

## VI. Conclusion

For the reasons set forth above, the Court grants Plaintiff's motion to proceed in forma pauperis, denies without prejudice her motion for appointment of counsel, and orders her to file an amended complaint in accordance with the instructions herein.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form **within thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall attach a copy of her administrative charge of discrimination to the amended complaint.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Employment Discrimination Complaint form.

**IT IS FINALLY ORDERED** that if Plaintiff fails to timely file an amended complaint in compliance with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 18th day of August, 2025.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE