UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINA M. HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-01292-CDP |
| SSM, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Regina M. Hill brings this employment discrimination action against her former employer, SSM Health. On August 18, 2025, the Court granted Hill's motion for leave to proceed *in forma pauperis* but found that her original complaint failed to state a plausible claim for relief under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act. (ECF No. 10). The Court ordered Hill to file, within thirty days, an amended complaint and a copy of her administrative charge of discrimination. *Id*. at 10. The Court cautioned that failure to timely comply would result in dismissal of this action without prejudice. *Id*. Hill filed an amended complaint on September 18, 2025. (ECF No. 12). For the reasons set forth below, the Court dismisses this action for failure to comply with the Court's prior order and for failure to state a plausible claim for relief.

**I.  Background**

In her amended pleading, Hill again names SSM as defendant and checks boxes indicating discrimination based on race, color, national origin, and disability. (ECF No. 12 at 5). She also alleges a "toxic work environment." *Id*. Hill claims the discriminatory conduct occurred from June

through August 2023, and states that she filed charges with both the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission (EEOC). *Id*. at 3.

Hill asserts that she previously submitted her right-to-sue letter and emails "with witness information" in September 2024. *Id*. at 3, 5. The Court notes, however, that its August 18, 2025 order did not require Hill to refile her right-to-sue letter—it required her to attach a copy of her charge of discrimination so the Court could determine what claims she presented to the EEOC and MCHR and whether she properly exhausted those claims. (ECF No. 10 at 8, 10). Hill does not provide a copy of her charge of discrimination but instead explains that she lost her documents in a tornado and that the EEOC "has the charge and [she] would have to get it from them." (ECF No. 12 at 4).

Despite the Court's warning that an amended complaint completely replaces the original, Hill uses her amended complaint to express her disagreement with the Court's prior order. *Id*. at 3–6. She largely ignores the Court's directive to clearly state the legal basis for her claims and to support those claims with specific factual allegations. The limited factual allegations in the amended complaint consist primarily of statements that a coworker treated Hill differently because of her light skin and Puerto Rican descent. *Id*. at 6, 9–10.

## II.     Legal Standard

Because Hill is proceeding *in forma pauperis*, her amended complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. A complaint must include sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must liberally construe a self-represented complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it will not supply additional facts or

construct a legal theory on the plaintiff's behalf. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Even self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

**III.    Discussion**

Despite the Court's detailed instructions, Hill's amended complaint remains deficient in several respects.

First, Hill did not attach a copy of her administrative charge of discrimination, as explicitly required by the Court's prior order. While the Court sympathizes with the hardship caused by the recent tornado, it cannot determine whether Hill exhausted her administrative remedies without a copy of her charge of discrimination. Nothing prevents Hill from requesting a copy from the EEOC.

Second, Hill again fails to allege facts showing that SSM took any adverse employment action because of her protected characteristics. The amended complaint largely repeats allegations that a coworker treated her poorly and that she later lost her job. It contains no factual allegations connecting those events to SSM's decision-makers, to her race or color, to her national origin, or to her disability. Conclusory assertions of bias or a "toxic work environment" are insufficient. *See Iqbal*, 556 U.S. at 678 (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Third, Hill does not meaningfully re-plead her ADA claim. Although she checks the "failure to accommodate" box, she does not allege that SSM denied a specific accommodation or that any adverse action occurred because of her disability.

In sum, Hill's amended complaint neither complies with the Court's prior order nor cures the original complaint's pleading deficiencies.

## IV. Conclusion

The Court is sympathetic to Hill's difficulties in recovering documents lost during the storm, but it cannot proceed on a complaint that lacks the essential factual and procedural foundation required by law. Because Hill has failed to comply with the Court's August 18, 2025 order and has not stated a plausible claim for relief, the Court dismisses this action without prejudice. Nothing in this order prevents Hill from refiling this action in the future with a copy of her EEOC charge.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's prior order and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 41(b); 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Defendant SSM's Motion to Dismiss (ECF No. 13) is **DENIED** as moot.

Dated this 29th day of October, 2025.

                                                                         _____
                                                                         CATHERINE D. PERRY
                                                                         UNITED STATES DISTRICT JUDGE